## Thomas *v.* Thomas, Appellant.

238

Argued April 26, 1962.   Before Bell, C. J., Mus-
manno, Jones, Cohen, Eagen and O'Brien, JJ.

*William L. Huganir,* for appellant.

*Philip R. Detwiler,* with him *High, Swartz, Roberts
& Seidel,* for appellee.

Opinion by Mr. Justice O'Brien, November 13,
1962:

The case at bar originated as an action under The
Landlord and Tenant Act of 1951, P. L. 69, as amended
by the Act of July 25, 1953, P. L. 578, 68 P.S. §250.101
et seq.   Appellee filed a complaint before a justice of

the peace, alleging that appellant was her tenant under an oral lease "for an indeterminate term and at will, so long as the [appellant] . . . made the mortgage payments", and that a forefeiture of said lease had resulted from appellant's failure to make mortgage payments. The justice of the peace entered judgment for possession of the land in favor of appellee and appellant appealed to the court below, where the matter was tried before a judge and jury. A verdict was returned in favor of appellee and appellant's motion for a new trial was denied by the court en banc and judgment entered on the verdict. It is from the judgment so entered that the instant appeal is prosecuted.

The appellant and appellee, husband and wife respectively, owned the premises in question as tenants by the entireties. On January 23, 1956, appellant conveyed his interest to appellee by deed, which deed was duly recorded. Subsequent to that conveyance, the alleged lease between the parties was formulated and, appellee contends, appellant occupied the premises as her tenant. Appellant claimed that he owned a life estate in the property by virtue of an oral agreement made with appellee at the time of the conveyance to her.

In order to resolve this controversy, appellant on August 1, 1960 brought an action in the court of common pleas to quiet title. Although this suit would have determined all issues between the parties, appellee brought the present landlord and tenant action before a justice of the peace to evict appellant. Appellee's case came to trial first.

Appellant raises only one issue in this appeal, namely, was the trial court in error when it refused to allow appellant's proffered evidence to the effect that he had a proprietary interest in the real estate forming the basis of the suit?

The judgment of the court below should be vacated pending a decision in the action to quiet title. It would be manifestly unfair to remove appellant from possession without giving him the opportunity to demonstrate that he holds possession by virtue of the claimed life estate. Any other decision would be meaningless since the action to quiet title will ultimately be dispositive of this controversy.

Furthermore, The Landlord and Tenant Act itself requires the action which we now take. Section 508 of that Act (68 P.S. §250.508) provides that where the party in possession raises the defense that he holds title to the property, the justice of the peace shall *not* enter judgment. While the Act requires that a bond be filed, this bond is conditioned only upon the party bringing a separate action to determine title by the next session of common pleas court. Where, as here, such an action has already been started, a bond should not be required. Thus the justice of the peace erred when he did not hold this case in abeyance pending the outcome of the action to quiet title.

The view we take of this matter makes it unnecessary for us to go into the merits of the landlord and tenant action and the ruling on the evidence of title raised in this appeal. Since, as hereinabove stated, the title question will be resolved in the quiet title action, we need not concern ourselves with the scope of the doctrine of estoppel to contest a landlord's title in a landlord and tenant action.

The judgment of the court below is vacated and the cause remanded pending the outcome of the quiet title action.